| | | |
|---|---|---|
| **MICHAEL S. SHIPWASH,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. 3:08-cv-186 |
| | ) | (Phillips) |
| **KNOX COUNTY; UNKNOWN OFFICERS;** | ) | |
| **CITY OF KNOXVILLE; STERLING OWEN,** | ) | |
| **IV; JOSHUA DYKES; SOUTHERN** | ) | |
| **MANAGEMENT & DEVELOPMENT, L.P.,** | ) | |
| **and ROBIN RENEA FRITZ,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Motion to Dismiss of Defendants Southern Management & Development, L.P. and Robin Renea Fritz Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Failure to State a Claim upon Which Relief Can Be Granted [Doc. 17] and plaintiff's Motion to Amend Complaint [Doc. 22]. For the reasons that follow, defendants' motion is **GRANTED in part and DENIED in part** and plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On May 10, 2007, plaintiff was a guest at the pool at the Tiffany Square Apartments on Gleason Drive in Knoxville, Tennessee. Defendant Southern Management & Development, LP ("SMD") owns and operates the apartments and defendant Robin Renea Fritz is the property manager. Plaintiff alleges that as he was lounging by the pool, defendant Fritz and defendant Officer Joshua Dykes approached the pool and arrested plaintiff for public intoxication and

-1-

disorderly conduct. Plaintiff alleges that Officer Dykes did not administer a field sobriety test or a Breathalyser prior to arresting him for public intoxication. Plaintiff alleges that Officer Dykes forced him into the patrol car and that defendant Fritz "scream[ed] and yell[ed] at the plaintiff while he was in the backseat of the patrol car.

Plaintiff alleges violations of 42 U.S.C. § 1983 against defendants SMD and Fritz, among other state common law claims. Defendants Fritz and SMD have moved to dismiss all claims against them.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, "[a]lthough the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.' " *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In other words, "to survive a motion to dismiss,

the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (inner citation omitted).

## III. ANALYSIS

### A. 42 U.SC. § 1983

Section 1983 provides in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (2006). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Marvin v. City of Taylor*, 509 F.3d 234, 243 (6th Cir. 2007) (quotation removed). Defendants primarily argue that their actions were not under the color of state law.[1]

The Sixth Circuit applies three tests articulated by the Supreme Court to determine whether a private actor's conduct was under color of state law: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *E.g., Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 301 (6th Cir. 2008) (quoting *Chapman v. Higbee Co.*, 319 F.3d 825,

---

[1] As an initial matter, the court finds that the § 1983 claim fails against defendant SMD "because there is no *respondeat superior* liability under § 1983." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). While plaintiff has attempted to avoid this by vaguely alleging that defendant SMD failed to properly supervise defendant Fritz, [Compl., Doc. 1 at 13], the court need not delve into an analysis of whether this failure meets the stringent standards of direct liability for a custom or policy of inadequate supervision, as the definitive issue regarding plaintiff's § 1983 claim concerns whether the defendants were acting under color of state law.

-3-

833 (6th Cir. 2003) (en banc)); *Campbell v. Food Equip. Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007). The court will apply each of these tests in turn to determine whether plaintiff has sufficiently pleaded that the private defendants' actions were under color of state law.

"The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007) (quotations omitted). Police power is a power exclusively reserved to the state. *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 637 (6th Cir. 2006). Plaintiff has not, however, alleged that Ms. Fritz or SMD executed the arrest; rather, plaintiff has alleged that Officer Dykes solely executed the arrest. [Compl., Doc. 1 at 4-5]. Because plaintiff has pleaded that Officer Dykes arrested him, the court does not find that defendants exercised any public functions such that they were state actors.

The court likewise finds that plaintiff's claims fail under the state compulsion test, which "requires that 'a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Campbell*, 509 F.3d at 784 (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Clearly plaintiff's allegations against defendants RMD and Fritz fail under this test, as indeed plaintiff is arguing the converse: that *Fritz* compelled *the state* to act, and not vice versa.

Accordingly, the only test under which plaintiff's claim may potentially survive is the symbiotic relationship test. The symbiotic relationship test "requires a plaintiff to 'demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself.'" *Id.* (quoting *Champan v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003)). "In order to show state action, the state must be 'intimately

involved' with the challenged conduct." *Straub v. Kilgore*, 100 F. App'x 379, 386 (6th Cir. 2004) (quoting *Wolotsky*, 960 F.2d at 1335). "The inquiry proceeds on a case-by-case basis and is fact-specific." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 301 (6th Cir. 2008).

Plaintiff's claims likewise fail under the symbiotic relationship test. Plaintiff's sole allegation regarding the connection between the conduct of Officer Dykes and Ms. Fritz is speculative at best: "It seemed as if Officer Dykes and Ms. Fritz had some sort of relationship and were acting in concert in that Officer Dykes did whatever Ms. Fritz ordered him to do." [Compl., Doc. 1 at 5]. Yet as the cases cited above demonstrate, in order for a private citizen to be held liable as a state actor under a symbiotic-relationship theory, the state must be "intimately involved" with the private party's conduct in order for the latter's actions to be fairly attributed to the state. The court finds that plaintiff's bare allegation, even accepting it as true, does not satisfy this standard. Plaintiff's allegation simply fails to raise his right to relief above a mere speculation or suspicion. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (claims must demonstrate entitlement to relief, beyond simply creating speculation or suspicion of a cause of action).

Having found that the private defendants did not act under the color of state law, the court therefore finds that plaintiff has failed to state a claim under 42 U.S.C. § 1983 against defendants Fritz and SMD.

### B. Motion to Amend Complaint

In an effort to cure the defects discussed above, plaintiff has moved to amend his complaint. Yet this effort only magnifies the failure of plaintiff's complaint to state a claim against defendants SMD and Fritz under § 1983. Plaintiff acknowledges that his proposed amendments "impose no additional facts or legal theories" and argues that the proposed amendments "simply clarify what

-5-

the Defendant[s] call[] 'conclusory' allegations." [Doc. 22 at 2].

Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. In the instant case, the applicable provision provides that plaintiff may only amend his pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant a motion to amend, the court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *E.g.*, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

The court finds that plaintiff's motion to amend should be denied due to futility of amendment, as "[t]he requested amendment[s] ... would ... add[] little, if any, value to [the] complaint." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). Indeed, they are simply recitations of legal terms of art used in the case law cited and discussed above. Plaintiff has even conceded that he has pleaded no additional facts to demonstrate that such legal theories are satisfied. [Doc. 22 at 2]. Yet one cannot simply use legal terms of art in a complaint in an effort to survive a motion to dismiss. While notice pleading is certainly a liberal standard, the Supreme Court and the Sixth Circuit have made it clear that a recitation of key terms forming conclusory allegations, without more, is insufficient to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough *facts* to state a claim to relief that is plausible on its face." (emphasis added)); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or

legal conclusions masquerading as factual allegations will not suffice."); *DIRECTV, Inc. v. Treesh*, 498 F.3d 471, 476 (6th Cir. 2007) (the court "need not accept as true legal conclusions").

In sum, plaintiff's motion to amend is denied due to the futility of such proposed amendment. The court has found that plaintiff has failed to state a claim against the private defendants, and the proposed amendments would not cure this failure.

**C.     State Law Claims**

Plaintiff has likewise pleaded state law claims against defendants, including negligence, invasion of privacy, intentional or negligent infliction of emotional distress, assault and battery, false imprisonment, and gross negligence. Defendants argue that these claims should be denied on the merits, on the grounds of lack of causation and inapplicability of the theory of *respondeat superior* to SMD.

The court, however, need not reach the merits of these claims. Having dismissed the federal claim forming the basis of this court's jurisdiction against these defendants, the court may decline to exercise its supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(c). Under that statute, a district court may decline to exercise supplemental jurisdiction over remaining claims where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, the Supreme Court has favored the dismissal of state-law claims where federal claims have been dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Plaintiff apparently concedes this point, as he argues,

> When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,

-7-

the federal court should decline the exercise of jurisdiction by dismissing the case without prejudge [sic].

[Doc. 20 at 10 (emphasis removed)]. While plaintiff later contradicts himself, arguing that the balance of the *Gibbs* factors weighs in favor of this court exercising its supplemental jurisdiction and retaining the state law claims, [*id.* at 9-10], the court would tend to agree with plaintiff's first assertion to the contrary, and the court will decline to exercise its supplemental jurisdiction over the remaining state law claims against defendants Fritz and SMD. Accordingly, they are likewise dismissed.

### D. Attorney's Fees

42 U.S.C. § 1988 provides in pertinent part that in any action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Defendants argue that they are entitled to attorney's fees due to the frivolous nature of plaintiff's suit.

In *Christianburg Garment Co. v. EEOC*, the Supreme Court dictated standards for awarding attorney's fees under 42 U.S. C. § 2000e-5(k) to a prevailing defendant. The Supreme Court found that

> a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Supreme Court later extended this analysis to § 1988. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983) (citing *Christianburg* with approval and noting that under § 1988, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant"). A finding that an action is without merit does not, however, dictate a finding that the

-8-

action is frivolous. "In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christianburg*, 434 U.S. at 421-22, *quoted in Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 302 (6th Cir. 2008). "[A]warding attorney fees against a nonprevailing plaintiff in a civil rights action is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga County Juvenile Court*, 554 F3d 624, 635 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

The court finds that an award of attorney's fees to defendants is unwarranted in this case. Despite this court's finding that plaintiff's claims fell short of the standard for surviving a motion to dismiss, the court cannot say that plaintiff did not have an arguable basis for pursuing his claim. *See Sensations, Inc.*, 526 F.3d at 303 (noting that an award of attorney's fees is inappropriate when a "'plaintiff ha[d] an arguable basis for pursuing his or her claim'" (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183084 (6th Cir. 1985))). Accordingly, the court, in its discretion, declines to award attorney's fees to the prevailing defendants under 42 U.S.C. § 1988, and their motion to dismiss is denied insofar as it requests such fees.

**IV. CONCLUSION**

For the foregoing reasons, defendants Southern Management & Development, L.P. and Robin Renea Fritz's motion to dismiss [Doc. 17] is **GRANTED in part**, whereby all claims against defendants SMD and Fritz are **DISMISSED**. The motion is **DENIED in part** with regard to defendants' claim for attorney's fees. Finally, plaintiff's Motion to Amend Complaint [Doc. 22] is

**DENIED**.

       **IT IS SO ORDERED**.

       **ENTER:**

                <u>     s/ Thomas W. Phillips     </u>
                  United States District Judge